UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANSTON INSURANCE COMPANY,

    Plaintiff,

v.                              Case No. 8:24-cv-2715-VMC-CPT

PROPLOGIX, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Evanston Insurance Company's Motion to Dismiss Count Two of Defendant's First Amended Counter-Claims (Doc. # 54), filed on June 2, 2025. Defendant Proplogix, LLC, responded on June 13, 2025. (Doc. # 57). Based on the foregoing, the Motion is denied.

**I.  Background**

On April 22, 2025, the Court granted in part and denied in part Evanston's motion to dismiss Proplogix's counterclaims. (Doc. # 49). The Court dismissed with leave to amend Count Three of Proplogix's counterclaims, which alleged negligence and bad faith by Evanston. (Id.). The Court dismissed Count Three because it was based in part on a

1

vicarious liability theory, but Proplogix failed to properly state a claim for vicarious liability. (Id. at 34).

Proplogix has since filed its amended counterclaims. (Doc. # 50). Evanston moves to dismiss Count Two of the amended counterclaims, which was previously labelled "Count Three" in Proplogix's initial counterclaims. (Doc. # 54). Proplogix has responded (Doc. # 57), and the Motion is ripe for review.

## II.  Legal Standard

On a motion to dismiss under Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Furthermore, the Court is to favor the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## III. Analysis

Evanston argues that Count Two fails to state a claim for vicarious liability under Kansas law. (Doc. # 54 at 8). However, Count Two does not allege vicarious liability. (Doc. # 50 at 14). Rather, Proplogix alleges that Evanston acted negligently and in bad faith in its handling of Proplogix's insurance claim. (Id.). The Court finds that Proplogix has sufficiently pled a claim for bad faith and negligence under Kansas law.

Kansas law mandates that insurers "act in good faith and without negligence" when defending claims against their insureds. Blann v. Rogers, 22 F.Supp.3d 1169, 1178 (D. Kan. May 19, 2014); see Bollinger v. Nuss, 449 P.2d 502, 508 (Kan. 1969) ("[T]he insurer, in defending and settling claims against its insured, owes to the insured the duty not only to

3

act in good faith but also to act without negligence."). "If an insurer breaches either of these duties when defending and settling claims against an insured, it may become liable for amounts exceeding the policy limits." Blann, 22 F.Supp.3d at 1178.

In evaluating an insurer's alleged negligence and bad faith in denying coverage, the Court applies the following factors:

> (1) whether the insured was able to obtain a reservation of rights; (2) efforts or measures taken by the insurer to resolve the coverage dispute promptly or in such a way to limit any potential prejudice to the insured; (3) the substance of the coverage dispute or the weight of legal authority on the coverage issue; (4) the insurer's diligence and thoroughness in investigating the facts specifically pertinent to coverage; and (5) efforts made by the insurer to settle the liability claim in the face of the coverage dispute.

Associated Wholesale Grocers, Inc. v. Americold Corp., 934 P.2d 65, 90 (Kan. 1997).

Proplogix alleges that "Evanston, after providing a defense to Proplogix for seven months, suddenly pulled out from Proplogix's defense," and this decision "was in bad faith" as it "did not come as a result of new information being discovered or because a new pleading had been filed." (Doc. # 50 at 15). Proplogix further alleges that Evanston:

4

(1) failed to monitor the underlying lawsuit; (2) neglected to receive status reports per Evanston's internal requirements; and (3) attempted to decline coverage, as well as discontinue defending Proplogix, seven months after defending Proplogix. (Id.).

These factual allegations provide numerous examples of Evanston's mismanagement of Proplogix's insurance claim. Accepting these allegations as true, the Court finds that the allegations plausibly establish that Evanston acted negligently and in bad faith. See Associated Wholesale Grocers, 934 P.2d at 90 (directing courts to consider whether the insurer tried to resolve the dispute "promptly," limited "prejudice to the insured," and acted with "diligence and thoroughness in investigating the facts"). Thus, Proplogix has sufficiently stated a claim for negligence and bad faith. See Bell Atl. Corp., 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

The Court denies Evanston's Motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED**:

5

(1) Defendant Evanston Insurance Company's Motion to Dismiss Count Two of the First Amended Counter-Claims (Doc. # 54) is **DENIED**.

(2) Defendant is directed to file an answer to Count Two within 14 days of the entry of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of June, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE